IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| DENNIS WAY, | Case No.: LACL 101560 |
| Plaintiff, | |
| vs. | AMENDED PETITION FOR DAMAGES AND JURY DEMAND |
| SALLIE MAE, INC., | |
| Defendant. | |

COMES NOW the Plaintiff, by and through counsel, and for his Petition for Damages states as follows:

### VENUE

1. Venue is proper in this County since Defendant is doing business in the State of Iowa and the events giving rise to Plaintiff's claims arose in Polk County, Iowa.

### PARTIES

2. Plaintiff Dennis Way, at all times material hereto, was a resident of Polk County, Iowa and is a citizen of the United States.

3. Defendant Sallie Mae, Inc. (hereinafter Sallie Mae ) is a Delaware corporation doing business in the State of Iowa and is a "furnisher of information" to credit reporting agencies within the meaning of 15 U.S.C.S. Section 1681, et, seq. As a "furnisher of information", Defendant Sallie Mae regularly produces reports containing information concerning the credit worthiness, credit standing, and other credit information on consumers to third parties.

EXHIBIT A

## FACTS

4. Prior to the incidents alleged herein, Plaintiff had a good credit rating and credit history.

5. In May of 2005, Plaintiff decided to utilize the on line payment capabilities of Defendant Sallie Mae to make his monthly payment to that entity. After selecting the web site, Plaintiff made a payment to Defendant on May 31, 2005 and received acknowledgment that the payment was being processed and credited to his account.

6. At all times material hereto from the date Plaintiff obtained his loan from Defendant Sallie Mae through the present date, Plaintiff has always made his monthly loan payment in a timely manner.

7. After being advised that the Defendant had not credited Plaintiff's account, Plaintiff obtained a copy of his current credit report through both Equifax Credit and Trans Union. In the Equifax Credit report and the Trans Union reports it was stated that Plaintiff had been delinquent in a number of his monthly payments to Defendant Sallie Mae.

8. When Plaintiff attempted to have the erroneous credit information corrected, Defendant failed or otherwise refused to do so. During the month of September, 2005, and for some time previous thereto, Defendant recklessly and wantonly prepared and published inaccurate and false information concerning Plaintiff's payment history on his account. This false information was subsequently contained in Plaintiff's credit information report and directly resulted in adverse reporting of Plaintiff's credit rating.

9. The false information by Defendant as set out above has caused actual damages to the Plaintiff.

10. After discovering the fact that Defendant had provided the false information set out above, Plaintiff contacted Defendant. In that contact, Plaintiff advised Defendant that the information

provided about Plaintiff's payment history had been false, and that he wished to have that information corrected. Despite these requests, Defendant has failed and refused to correct said credit information.

11. After discovering the false information provided by Defendant, the Plaintiff contacted Experion to complain about the situation. In that contact, Plaintiff requested that Experion investigate the matter and contact Defendant regarding the false information provided by them In turn, Experion then timely notified the Defendant of the dispute.

12. Thereafter, Defendant failed to comply with the provisions of 15 U.S.C.S. Section 1681s-2(b), by:

A. Failing to conduct an investigation regarding the disputed information;

B. Failing to review all relevant information provided back to the consumer reporting agency pursuant to Section 1681i(a)(2);

C. Failing to report the results of any investigation back to the consumer reporting agency;

D. Failing to complete the acts described in subparagraphs A-D within the statutorily prescribed time limit.

## COUNT I

### DEFAMATION OF CHARACTER

13. Plaintiff alleges and realleges paragraphs 1 - 12 of this Petition as if fully set forth herein.

14. That Defendant published or communicated to certain reporting agencies information and statements regarding the credit history of Plaintiff.

15. The statements and information referred to in paragraphs 7 and 8 above were false in a material aspect.

16. Defendant knew of the falsity of the statements or information provided, or acted with a reckless disregard for the truth of the statement/information.

17. The information and statements referred to above reflected adversely upon each of the Plaintiff's character, integrity, good name, and standing in the community by impugning his worthiness.

18. Due to the actions of Defendant as set out above, the Plaintiff has suffered emotional pain and distress, embarrassment, and damage to his reputation.

19. The actions complained of above by Plaintiff were reckless, willful, wanton and malicious, and justify an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment on his defamation claim against Defendant; that Plaintiff be awarded all actual and compensatory damages to which they are entitled; that Plaintiff be awarded punitive damages, and that Plaintiff be awarded interest as provided by law, the costs of this suit, and whatever other relief the Court deems appropriate.

## COUNT II

## VIOLATION OF 15 U.S.C.S. SECTION 1681o

## (NEGLIGENT NONCOMPLIANCE)

20. Plaintiff alleges and realleges paragraphs 1-12 of this Complaint as if fully set forth herein.

21. As noted above, Defendant negligently prepared and published inaccurate and false reports concerning the Plaintiff, and concerning Plaintiff's general credit worthiness to credit reporting agencies.

22. As seen in paragraphs 7 and 8, Defendants negligently failed to comply with the requirements imposed upon them by the provisions of 15 U.S.C.S. Section 1681s-2(b).

23. Defendants' negligent actions in failing to comply with the provisions of 15 U.S.C.S. Section 1681s-2(b) subjects them to liability under 15 U.S.C.S. Section 1681o.

24. As a direct and proximate result of Defendants' actions, as set out above, Plaintiff has suffered both actual and compensatory damages.

25. The Defendants' actions complained of above were reckless, willful, malicious, and wanton, and justify an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment on this claim finding that Defendant has violated the Fair Credit Reporting Act; that Plaintiff be awarded all actual and compensatory damages to which they are entitled; that Plaintiff be awarded punitive damages; that Plaintiff be awarded his reasonable attorney fees per the Fair Credit Reporting Act; and that Plaintiff be awarded interest as provided by law, the costs of this suit, and such other relief the Court deems appropriate.

## COUNT II

### SECOND CLAIM - VIOLATION OF U.S.C.S SECTION 1681n (WILLFUL NONCOMPLIANCE)

26. Plaintiff alleges and realleges paragraphs 1 - 12 of this Complaint as if fully set forth herein.

27. As noted above, Defendant prepared and published inaccurate and false reports concerning the Plaintiff, and concerning Plaintiff's general credit worthiness, to a large number of credit reporting agencies located in different states.

28. As seen in paragraphs 1-12, Defendant willfully failed to comply with the requirements imposed upon them by the provisions of 15 U.S.C.S. Section 1681s-2(b).

29. Defendant's willful actions in failing to comply with the provisions of 15 U.S.C.S. Section 1681s-2(b) subjects them to liability under 15 U.S.C.S. Section 1681n.

30. As a direct and proximate result of Defendant's actions, as set out above, Plaintiff has suffered both actual and compensatory damages.

31. The Defendant's actions complained of above were reckless, willful, malicious, and wanton, and justify an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment on this claim finding that Defendant has violated the Fair Credit Reporting Act; that Plaintiff be awarded all actual and compensatory damages to which they are entitled; that Plaintiff be awarded punitive damages; that Plaintiff be awarded his reasonable attorney fees per the Fair Credit Reporting Act; and that Plaintiff be awarded interest as provided by law, the cost of this suit, and whatever other relief the Court deems appropriate.

## COUNT IV

### VIOLATIONS OF 15 U.S.C.S. SECTION 1681o AND 1681e(b)

32. Plaintiff alleges and realleges paragraphs 1-12 of this Complaint, and the entire First and Second Claims, as if fully set forth herein.

33. Defendants' actions in publishing and providing false information concerning Plaintiff as set out above were not in compliance with the provisions of 15 U.S.C.S. Section 1681e(b), which requires Defendants to adopt reasonable procedures to insure the maximum possible accuracy of credit information.

34. Upon information and belief, Plaintiff alleges Defendant's representatives failed to report Plaintiff's credit history and payment history accurately due to a lack of training, thereby failing to follow reasonable procedures as required by law.

35. Defendant had a duty under 15 U.S.C.S. Section 1681e(b) to adopt reasonable procedures to insure the information that it supplied third parties is accurate, fair, and equitable to the consumer.

36. Defendant breached its duty under 15 U.S.C.S. Section in that they did not adopt reasonable procedures assuming maximum possible accuracy of the information they report, and in failing to exercise reasonable care in the preparation of credit information and credit reports. As such, Defendant's conduct was in non-compliance with 15 U.S.C.S. Section 1681o.

37. As a direct and proximate result of Defendant's actions, as set out above, Plaintiff has suffered both actual and compensatory damages.

38. The Defendant's actions complained of above were reckless, willful, malicious, and wanton, and justify an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment on this claim finding that Defendant has violated the Fair Credit Reporting Act; that Plaintiff be awarded all actual and compensatory damages to which they are entitled; that Plaintiff be awarded punitive damages; that Plaintiff be awarded his reasonable attorney fees per the Fair Credit Reporting Act;

and that Plaintiff be awarded interest as provided by law, the costs of this suit, and such other relief as the Court deems appropriate.

                              Respectfully requested,

                              Robert A. Wright, Jr. AT0008715
                              400 Locust Street, Suite 358
                              Des Moines, IA 50309
                              Tel: 515-252-7578
                              Fax: 515-253-9244
                              E-mail: rawjrlaw@qwest.net
                              ATTORNEY FOR PLAINTIFF

Original filed
copy to:

Michael Mallaney
R. J. Hudson, II
5015 Grande Ridge Drive, Suite 100
West Des Moines, Iowa 50265 – 5749
ATTORNEYS FOR DEFENDANT

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings, on __11/1__, 2006.

by     _X_ U.S. Mail     ___ FAX
          ___ Hand Delivered     ___ Overnight Courier
          ___ Certified Mail     ___ Other

Signature _____